```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOAN DELEON, ET AL.,                                        :
                                                            :
                              Plaintiffs,                   :
                                                            :           15-CV-5239 (VSB)
              -v-                                           :
                                                            :                ORDER
                                                            :
PRESCHOOL OF AMERICA, INC., ET AL.,                         :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/2017

VERNON S. BRODERICK, United States District Judge:

On July 7, 2015, Plaintiffs Joan DeLeon, Jacqueline Rosenthal, and Patricia Thomas filed this collective action against Defendants Pre School of America, Inc., Xiaoping Fan, and Ziming Shen ("Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the New York Labor Law, Art. 19 § 650 *et seq*. ("NYLL").  (Compl. ¶ 1.)  Before settlement negotiations began, Plaintiffs Rosenthal and Thomas voluntary dismissed their claims without prejudice based upon certain personal reasons that were not disclosed to me.  (*See* Docs. 34, 48, 53 at 2.)  Therefore, Plaintiff DeLeon ("Plaintiff") is the sole remaining Plaintiff.  Plaintiff alleges various violations of the FLSA and NYLL including that Defendants failed to pay her the minimum wage for all hours worked, failed to pay overtime compensation for all hours worked in excess of forty hours per week, and failed to pay spread-of-hours pay.  (*Id*.)

On December 15, 2016, the parties submitted a letter stating that they had reached a settlement with respect to Plaintiff's claims, (Doc. 51); however, parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  In the absence of

Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). I therefore requested that the parties file papers demonstrating that the settlement is fair and reasonable.

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following five factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15-CV-8376 (LTS), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

## II. Discussion

I have independently reviewed the settlement agreement and supporting submissions provided by the parties to determine whether the terms of the settlement agreement are fair, reasonable, and adequate.  (*See* Docs. 53, 55.)  As discussed below, I find most of the terms of the settlement agreement to be fair and reasonable.  However, the settlement agreement contains a confidentiality provision, a non-disparagement provision, and overbroad releases.  I discuss each of these provisions below.  Given the inclusion of such provisions, I do not find that the settlement agreement is "fair and reasonable."  As a result of this finding, I do not separately consider in this Order whether the attorney's fees are also reasonable.

### A. Release

I will not approve the sweeping "Mutual Releases" provision in the proposed settlement agreement.  (*See* Settlement Agmt. § 2.)[1]  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in

---

[1] "Settlement Agmt." refers to the parties Stipulation and Agreement of Settlement.  (Doc. 53-1.)

3

this action.'"  *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The Mutual Release provision in the parties' settlement agreement is too broad to survive judicial scrutiny.  Pursuant to the release provision, Plaintiff releases Defendants

> from any and all actions, causes of action, obligations, liabilities, claims and demands DeLeon has or may have, known or unkown, whether asserted or unasserted . . . including but not limited to, any claims related to [or] arising out of any aspects of Plaintiff's employment with Preschools of America, any agreement concerning such employment, which Plaintiff . . . ever had, now have, or thereafter can, will or may have, for upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date [Plaintiff executes] this Settlement Agreement . . . .

(Settlement Agmt. § 2(a).)  It then provides a lengthy but non-exhaustive list of statutes and claims barred by the release—ranging from Title VII of the Civil Rights Act of 1964 to the New York State Human Rights Law to defamation and intentional tort at common law.  (*See id.* § 2(a)(i)-(iii).)  This provision is overbroad:  it requires Plaintiff to waive virtually any claim, of any type against Defendants or any possibly related entity as long as it relates to or concerns Plaintiff's employment with Defendants and has occurred as of the date Plaintiff executes the agreement.  Although some Courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate, Flom, LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb 3. 2016), the parties offer no basis for finding that this release provision provides Plaintiff any benefit, comparable or otherwise.  Moreover, "[t]he fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee."  *Gurung*, 226 F. Supp. 3d at 229; *see Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017).

Accordingly, this provision does not meet the standards for approval established by courts in this district.

### B.     Confidentiality Provision

The parties' proposed settlement agreement also contains a confidentiality provision that seeks to prohibit Plaintiff and her counsel from disclosing the resolution of this case.  (Settlement Agmt. § 5.)  Specifically, the provision provides that "Plaintiff and [her] counsel will not contact the media or utilize any social media, or public forum to disclose the Settlement or its terms."  (*Id*.)  If Plaintiff is contacted regarding the settlement, her only response "can be 'The matter has been resolved.'"  (*Id*.)  The confidentiality provision further prevents Plaintiff's counsel or his firm from advertising or publishing, in any way, the parties' negotiations and/or settlement.  (*Id*.)

Initially, I note that the provision is problematic because it only restricts Plaintiff and her counsel.  Nevertheless, the parties argue that I should accept the confidentiality provision because it "does not excessively restrict the plaintiff's ability to discuss [the] settlement."  (Doc. 53 at 3.)  This is wholly unpersuasive in light of the fact that Plaintiff is restricted to a single response—"The matter has been resolved"—to any inquiry regarding the settlement.  In addition, Courts in this District have consistently recognized that confidentiality provisions in FLSA settlements are "firmly against public policy."  *Baikin v. Leader Sheet Metal, Inc.*, No. 16 Civ. 8194, 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (collecting cases); *see also Jacob v. Duane Reade, Inc.*, No. 11-CV-160 (JPO), slip op. (S.D.N.Y. May 5, 2017) (same); *Burgos v. San Miguel Transp., Inc.*, No. 16 Civ. 5929 (PAE), 2016 WL 7015760, at *2 (S.D.N.Y. Dec. 1, 2016) ("Courts in this Circuit also routinely decline to approve settlements containing confidentiality provisions, . . ."); *cf. Lola*, 2016 WL 922223, at *2 (approving confidentiality agreement that was not absolute and mainly constricted contact with the media).  Moreover, the

provision fails to include a carve-out that would allow Plaintiff to disclose the details of the settlement agreement if compelled by law or valid court order.  *See Baikin*, 2017 WL 1025991, at *1.

Accordingly, I do not find that such a confidentiality provision is appropriate.

### C. Non-disparagement Provision

The proposed settlement agreement also contains a non-disparagement provision. (Settlement Agmt. § 7.)  Pursuant to the provision, Plaintiff agrees "not to make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about Defendants or any of the Defendants' Released Parties." (*Id*.)  "Courts in this District have held that while 'not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case.  Otherwise, such a provision contravenes the remedial purposes of the FLSA and is not fair and reasonable.'" *Martinez*, 2016 WL 206474, at *1 (quoting *Lazaro-Garcia*, 2015 WL 9162701, at *3).

In light of the fact that the non-disparagement provision does not include a carve-out for truthful statements, I will not approve the settlement agreement with the non-disparagement provision as currently written.  *See Baikin*, 2017 WL 1025991, at *1.

### III. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement on or before September 30, 2017 that cures the deficiencies in the provisions as discussed above; or

2. Filing a joint letter on or before September 30, 2017 that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:   August 26, 2017
         New York, New York

Vernon S. Broderick
United States District Judge