```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOAN DELEON, ET AL.,                                        :
                                                            :
                              Plaintiffs,                   :
                                                            :                    15-CV-5239 (VSB)
              -v-                                           :
                                                            :                         ORDER
                                                            :
PRESCHOOL OF AMERICA, INC., ET AL.,                         :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

On August 26, 2017, I issued an Order denying without prejudice the parties' proposed settlement agreement in light of the parties' inclusion of a confidentiality provision, a non-disparagement provision, and overbroad releases.[1] (Doc. 56.) I instructed the parties that they may proceed by either (1) filing a revised proposed settlement agreement that cures the deficiencies outlined in my August 26 Order, or (2) filing a joint letter indicating their intention to abandon settlement. (*Id.*) The parties have submitted a revised settlement agreement that removes the confidentiality provision and amends the remaining provisions in accordance with my August 26 Order. (*See* Doc. 59-1.) As such, and for the reasons stated in my August 26 Order, I find that the revised settlement agreement appears to be a fair and reasonable resolution of this dispute.

I now "separately assess the reasonableness of plaintiffs' attorney's fees . . . ." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). Because I find

---

[1] I assume the parties' familiarity with the background of this action and the relevant legal standard, which is contained in my August 26 Order. (Doc. 56.)

that the attorneys' fees and costs are fair and reasonable, I also approve the requested attorneys' fees and costs.

## I. Legal Standard

It is within my discretion whether to award attorneys' fees based on either the lodestar method or the percentage of the settlement fund. *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA), 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016). "'[T]he trend in this Circuit is toward the percentage method,' although it is for [the] district court to determine 'the appropriate method' in a particular case." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (quoting *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417, 419 (2d Cir. 2010)). Courts regularly approve attorneys' fees of up to one-third of the settlement amount in FLSA cases. *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015); *see also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.").

District courts are encouraged to "cross-check" the percentage fee requested against counsel's "lodestar." *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In applying the lodestar method, courts first calculate the "lodestar" amount by multiplying the reasonable number of hours worked on the case by a reasonable hourly rate of compensation, and then adjust the lodestar based upon case-specific considerations. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

"It bears emphasis that whether calculated pursuant to the lodestar or the percentage

2

method, the fees awarded . . . may not exceed what is 'reasonable' under the circumstances." *Hart*, 2015 WL 5577713, at *13 (quoting *Goldberger*, 209 F.3d at 47).  In analyzing the reasonableness of the fee, a court should be guided by the following factors:  "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations."  *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507(JMF), 2014 WL 1100135, at *2 (S.D.N.Y. Mar. 20, 2014) (quoting *Goldberger*, 209 F.3d at 50).  Furthermore, because the "adversary system is typically diluted" in attorneys' fees determinations, as defendants have little incentive to challenge the amount of attorneys' fees once a settlement amount is agreed to, I must assess the fee "based on scrutiny of the unique circumstances of each case, and a jealous regard to the rights of those who are interested in the [settlement amount]."  *Goldberger*, 209 F.3d at 52–53 (internal quotation marks omitted).

**II.     Discussion**

Plaintiff and her counsel propose dividing the settlement amount of $7,500 such that the Plaintiff would receive $2,500 and the firm would receive $5,000 in attorneys' fees.[2]  (Doc. 55.)  In support of the attorneys' fee award, Plaintiff's counsel submitted contemporaneous billing records for the attorneys who worked on Plaintiff's case and a letter in support of the proposed fees.  (Docs. 55, 55-1.)  Based on a review of these records, it is clear that Plaintiff's counsel expended significant time investigating and researching Plaintiff's claims, conferring with Plaintiff, reviewing documents, engaging in discovery—including preparing for and taking depositions—and negotiating and executing the settlement.  (*See* Doc. 55-1.)  Both Harvey Mars, the principal of the firm, and Jacob Korder, who is of counsel, purport to bill their time at the

---

[2] I note that Plaintiff's counsel does not seek reimbursement for any costs.  (*See* Doc. 55.)

hourly rate of $300 per hour, and collectively worked approximately 45.2 hours on Plaintiff's case.  (*See id.*)  Based on these figures, the lodestar amount is $13,560.  Counsels' hourly rate is in line with the average rate for experienced attorneys in this district.  *See, e.g.*, *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015) ("[A]ttorneys in FLSA cases typically command . . . rates of between $250 and $450 per hour, depending on their level of experience."), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015); *Easterly v. Tri-Star Transp. Corp.*, No. 11 CV 6365(VB), 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) ("Courts in this District have determined that between $250 and $450 is an appropriate fee for experienced civil rights and employment litigators."); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507–08 (S.D.N.Y. 2012) (awarding fees to plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work).

While the proposed attorneys' fees represent approximately two-thirds of the total settlement amount, I find the amount is reasonable in light of the fact that Plaintiff's counsel estimates that $2,500 is what Plaintiff could have expected to recover after a trial.  (*See* Doc. 55).  Moreover, an award of $5,000 is far from a windfall for Plaintiff's counsel—it is significantly lower than the lodestar amount—and instead represents a modest compensation for the considerable amount of work put into this case.  Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III. <u>Conclusion</u>

For the reasons stated above, I find the settlement, including the contemplated attorneys' fees, fair and reasonable. The revised settlement agreement of the parties, (Doc. 59-1), is hereby APPROVED.

The Clerk's Office is respectfully directed to close the case.

SO ORDERED.

Dated:   June 1, 2018June 1, 2018
         New York, New York

_____
Vernon S. Broderick
United States District Judge